**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   ) | |
|                                  ) | **CRIM. CASE NO.: 3:15-cr-00633** |
|  **vs.**                         ) | |
|                                  ) | |
|                                  ) | |
| **JOSEPH CARLTON MEEK**          ) | |
|                                  ) | |
|        **DEFENDANT.**            ) | |
|                                  ) | |

**MOTION TO SEAL AND MEMORANDUM IN SUPPORT**

Comes now the defendant through his attorney who asks this Court for leave to file a motion to postpone the defendant's sentencing hearing and accompanying exhibit under seal in accordance with Local Crim. Rule 49.01(B) (D.S.C.). Defendant also asks that if the Court grants his motion to seal, the Court should require the government to file any response under seal.

Pursuant to Local Crim. Rule 49.01(B)(1)(a), the documents which the defendant wishes to file under seal are the motion to postpone the sentencing hearing and accompanying exhibit which is a letter addressing personal, medical issues. Pursuant to Local Crim. Rule 49.01(B)(1)(b) the defendant seeks to file the motion to postpone his sentencing hearing under seal because public disclosure of the motion would itself lead to prejudicial disclosure of the very material, thus rendering the motion moot.

Local Crim. Rule 40.01(B)(1)(d) requires Defendant's counsel to address the factors governing the sealing of documents reflected in controlling case law. The Fourth

1

Circuit held in *Ashcraft v. Conoco,* 218 F.3d 288 (4th Cir. 1984) that before a district court may seal any court documents . . . it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Id* at 302. (interior cites omitted).

The Defendant certifies the documents it seeks to seal – the Memorandum and exhibit meet the factors for sealing documents set out by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), and *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir.1984.)

Specifically:

1.Public notice of the request to seal and opportunity to object is afforded by virtue of this publicly filed motion and the description of the subject documents in the chart attached as **Exhibit A** hereto.

2.Personal, medical information which is confidential and sensitive appears throughout the subject documents, and therefore, redaction is not practical.

3.There is good reason to seal the requested documents. The material contained in the subject documents involves personal, medical information. No reasonable alternative exists to sealing sensitive medical and psychiatric information. *See Valencia-Valencia v. Newman*, 2011 WL 2173905 ( E.D.N.C. June 2, 2011) *Unpublished Opinion, citing Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180–81 (4th Cir.1988). Accordingly, these circumstances justify the sealing of the motion and exhibit.

Further, these documents do not relate to any important historical, public event. Instead, they involve personal, medical information. Because, as noted above, the confidential material appears throughout the documents described in **Exhibit A**, sealing is the appropriate remedy.

Accordingly, the Defendant respectfully requests that this Court grant him leave to file under seal its Memorandum and exhibit thereto. All documents to be filed under seal have been submitted to the Court and to the Government.[1] A non-confidential descriptive index of the documents at issue is attached to this Motion as Exhibit A.

Pursuant to Local Crim. Rule 49.01(B)(2)(b), counsel hereby certifies that she has complied with Local Crim. Rule 49.01(B).  Counsel is providing the Court's chambers pursuant to Local Crim. Rule 49.01(B)(3) "Confidential Information to be Submitted to Court in Connection with Motion to Seal".

                                                                Respectfully submitted,

                                                                s/ Deborah B. Barbier
                                                                Deborah B. Barbier(#6639)
                                                                Deborah B. Barbier, LLC
                                                                1811 Pickens Street
                                                                Columbia, South Carolina 29201
                                                                (803) 445-1032

                                                                ATTORNEY FOR THE DEFENDANT

June 28, 2016

Columbia, South Carolina

---

[1]  Counsel for Meek has consulted with counsel for the Government concerning this Motion and the Government consents to the same.