# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| vs. | ) | Criminal Case No. 2:15-633-RMG |
| | ) | |
| Joseph Carlton Meek, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court on the Government's motion for an upward variance from the proposed sentencing guideline range of 27-33 months. Defendant has pleaded guilty to two counts, one involving misprision of a felony and the other involving the making of a false statement to a law enforcement officer. The Government argues that the proposed guideline range does not adequately take into account the "horrific nature" of the Dylann Roof's offenses or Defendant's failure to notify authorities before the commission of Roof's crimes, thereby depriving law enforcement "of the opportunity to take action to prevent Roof's attack." (Dkt. No. 92 at 2-3). The Government does not contend that Defendant has violated the terms of his plea agreement or that the prosecutors have learned new information about Defendant's conduct after entering into the plea agreement, which provided the possibility for Defendant to earn a downward departure from his sentencing guidelines for substantial assistance to the Government. Defendant has filed a memorandum in opposition to the Government's motion. (Dkt. No. 100).

The Court begins the sentencing deliberative process by calculating the applicable sentencing guidelines. The Court next considers the relevant statutory sentencing factors set

-1-

forth in 18 U.S.C. § 3553(a) to impose a sentence which is "sufficient but not greater than necessary" to accomplish the purposes of the law. The Court may consider the specific acts or omissions of the defendant that constitute the criminal offense and any relevant conduct. USSG §§ 1B1.3, 1B1.4. After weighing the sentencing factors and the established facts in the case, the Court may vary upward or downward from the sentencing guidelines, if necessary, to make a just and reasonable sentencing decision.

The Government's motion focuses upon the offense of misprision of a felony, which carries here the far higher guideline range than the offense of making a false statement to a law enforcement officer.[1] The crime of misprision of a felony has early common law roots, dating from 1557, and the offense involved in earlier times simply the failure of a person to report a known felony. *United States v. Caraballo-Rodriguez*, 480 F.3d 62, 71 (1st Cir. 2007); *Percival v. Virgin Islands*, 61 V.I. 187, 191 (V.I. 2014). The offense was made a statutory crime in early federal criminal statutes, but required both knowledge of a felony and the concealment of that knowledge from the governmental officials. 18 U.S.C. § 4; *Branzburg v. Hayes*, 408 U.S. 665, 696 n.36 (1972). The "mere failure to report a known felony would not violate 18 U.S.C. § 4." *Itani v. Ashcroft*, 298 F.3d 1213, 1216 (11th Cir. 2002). "Thus, under the misprision statute, the defendant must commit an *affirmative* act to prevent discovery of an earlier felony." *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992) (emphasis in original).

Defendant's indictment tracks the federal statute and alleges that Defendant, "having knowledge of the actual commission of a felony . . ., did conceal the same" (Dkt. No. 2). The

---

[1] The total offense level for making a false statement is 6 and, with Defendant's criminal history of III and acceptance of responsibility, would produce a guideline range of 0-6 months incarceration. USSG § 2B1.1(a)(2); Presentence Report ¶ 53.

record before the Court establishes that several days prior to Roof's attack on the Emanuel AME Church, Roof advised Defendant that he planned to enter an African-American church in Charleston during a Wednesday night Bible study, attack the innocent persons present and then kill himself. Defendant was aware that Roof owned a gun and ammunition to carry out such an attack. (Dkt. No. 74 at 19-24; Presentence Report ¶¶ 21-27).

On Wednesday evening, June 17, 2015, Defendant became aware of reports on social media of an attack on Emanuel AME Church in Charleston earlier that evening. Defendant believed that Roof was the likely attacker. Defendant discussed the situation with a friend, Dalton Tyler, who was also aware of Roof's previously stated plans. Tyler stated that he intended to call law enforcement and identify Roof as the likely attacker. At that time the identity of the attacker was not known by law enforcement and there was a massive manhunt underway to capture the armed and dangerous unknown suspect. Defendant told Tyler not to call law enforcement, apparently fearing that his prior knowledge might make him subject to criminal prosecution. At Defendant's behest, Tyler made no call to law enforcement that evening but did make a report the following morning. (*Id.*).

Based upon this record, Defendant's knowledge late in the evening of June 17, 2015 of Roof's likely role in the murderous attack on Emanuel AME Church and his affirmative act to conceal the identity of the attacker by directing Tyler not to make a report to law enforcement constituted the offense of misprision of a felony. Defendant's conduct relevant to violating federal law can properly be considered in making a sentencing decision, including a decision to grant or deny a motion for an upward or downward variance. Since there is no evidence that, prior to the evening of June 17, 2015, Defendant had undertaken any affirmative act to conceal

his knowledge of Roof's plans, Defendant did not commit the offense of misprision of a felony before Roof's attack on Emanuel AME Church.

The Government makes essentially two arguments in support of its motion for an upward variance. First, the Government argues that Roof's crimes were so "horrific" that they were beyond the contemplation of the United States Sentencing Commission in establishing the sentencing guidelines for misprision of a felony. Thus, the Government argues, the Court should vary upward above the guidelines in imposing Defendant's sentence.

The guideline for misprision of a felony provides that the base offense level should be nine levels below the base offense level felony that was concealed. USSG § 2X4.1 This formula is modified, however, by the requirement that the offense level be no less than four and no greater than nineteen. *Id.* With the maximum offense level cap of nineteen, the concealment of all felonies with offense levels above twenty eight are treated identically. Consequently, the guideline range for misprision of a felony involving such federal crimes as terrorism, air piracy, espionage, kidnapping, and murder is capped at the offense level of nineteen. This would include any misprision of a felony offense involving such tragic events of our nation's history as the 9/11 incidents and the Oklahoma City bombing, which included a federal courthouse and a daycare center.

The Sentencing Commission's guideline formula for misprision of a felony recognizes that the offense is one of the lesser felonies in the federal system, with a statutory maximum of three years. [2] The misprision of a felony guideline range anticipates that the defendant was not a

---

[2] Since the statutory maximum for misprision of a felony is thirty-six months and Defendant's sentencing guideline range is 27-33 months, the Government's motion for an upward variance is essentially an argument over whether Defendant should be sentenced to three

participant in the underlying felony and that his sole affirmative act was some specific step to conceal knowledge of the felony from law enforcement officials. USSG § 2X4.1, comment. (n.2).    Further, the guidelines established for misprision of felony are consistent with the guidelines for accessory after the fact, where the conduct is limited to harboring a fugitive. The only difference between the guidelines for accessory after the fact for harboring a criminal fugitive and the guidelines for misprision of a felony–essentially, concealing the identity of a criminal–is that the base offense level for accessory after the fact is six levels below the underlying offense instead of nine levels, with a cap of twenty instead of nineteen. USSG § 2X3.1

The Commission was fully cognizant of the cap it was imposing on the guideline range for misprision of a felony involving many extremely serious federal crimes, and the maximum guideline range established–a single step below accessory after the fact–was the product of reasoned deliberations and a coherent federal sentencing policy by the Sentencing Commission. Therefore, the Court finds no basis to grant an upward variance on the basis that the nature of the felonies at issue here were beyond the contemplation of the Sentencing Commission.

The Government further argues that an upward variance should be granted because Defendant's failure to promptly report Roof's plans to law enforcement denied officials the opportunity to prevent Roof's attack on Emanuel AME Church. The Court is permitted to consider relevant conduct surrounding a defendant's violation of federal statutory law in determining a sentence. For instance in this matter, Defendant was fully cognizant of the attack on Emanuel AME Church at the time he directed his friend not to make a report to law

---

to nine months greater than the sentencing guidelines.

enforcement on the night of June 17, 2015 and that knowledge is relevant to considering any motion for an upward or downward variance. However, to grant an upward variance on the basis that Defendant's failure to make an earlier report to law enforcement denied officials a chance to prevent the attack would effectively punish Defendant for common law misprision of a felony, the failure to report a felony without any act of concealment. Prior to Roof's attack on the church, Defendant had not taken any affirmative act of concealment and, thus, was not then guilty of the federal statutory crime of misprision of a felony.

The Court is aware that many lay persons are under the misapprehension that Defendant's failure to report Roof's plan to law enforcement before the attack violated federal law. Certainly Defendant's failure to make an earlier report is tragic and deeply regrettable, but his failure to report was not a violation of federal criminal law. Under these circumstances, the Court cannot sentence Defendant under a legal standard inconsistent with federal statutory law.

## Conclusion

Based on the foregoing, the Government's motion to grant an upward variance because the crimes charged here were beyond the contemplation of the Sentencing Commission in establishing the sentencing guidelines for misprision of a felony is denied. The Government's motion to grant an upward variance because Defendant's failure to make an earlier report of the felony deprive law enforcement of the opportunity to prevent the attack is denied. The Court will consider at the sentencing hearing the Government's motion for an upward variance on the basis of the Defendant's actions and relevant conduct relating to the crime of misprision of a felony.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court

March 13, 2017
Charleston, South Carolina